IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRUCE DENSBORN, )<br>)<br>  Plaintiff, )<br>)<br>  vs. )<br>)<br>TRANS UNION, LLC, )<br>and )<br>ILLINOIS STUDENT ASSISTANCE COMMISSION, )<br>  Defendant. ) | Civil Action No.<br><br>FILED: JUNE 25, 2008<br>08CV3631<br>JUDGE MORAN<br>MAGISTRATE JUDGE VALDEZ<br><br>TC |

## COMPLAINT

### I.  Preliminary Statement

1.      This is an action for damages brought by an individual consumer against the Defendant for violations of the Fair Credit Reporting Act (hereafter the "FCRA"), 15 U.S.C. § 1681 *et seq.*, *as amended.*

### II.  Jurisdiction and Venue

2.      Jurisdiction of this Court arises under 15 U.S.C. § 1681p, 28 U.S.C. §§ 1331, 1337.  Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

### III.  Parties

3.      Plaintiff, Bruce Densborn, is an adult individual and citizen of the State of Illinois.

4.      Defendant, Trans Union, LLC, is a business entity that regularly conducts business throughout every state and county in the United States and as a corporation that does business in the State of Illinois, is a citizen of the State of Illinois.

5.      Defendant, Illinois Student Assistance Commission, is an entity that regularly conducts business in all cities and counties in the United States, and whose principal place of business is located in the State of Illinois.

## IV. Allegations

### COUNT ONE
### VIOLATIONS OF FCRA v. TRANS UNION, LLC

6. Defendant has been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties (hereafter the "inaccurate information").

7. The inaccurate information of which Plaintiff complains is an account, or trade-line, named ISAC, Illinois Student Assistance Commission. Specifically, Plaintiff asserts that the account is inaccurately reported as paid after collection when in fact the account was discharged due to disability and should not be reported on Plaintiff's credit file. Despite providing Defendant with notice to the contrary, Defendant has disseminated credit reports and/or information that the account is accurately reported as a paid collection account.

8. The inaccurate information negatively reflects upon Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness.

9. The credit reports have been and continue to be disseminated to various persons and credit grantors, both known and unknown.

10. In March of 2008, Plaintiff disputed the inaccurate information with Defendant by written communication to its representatives and by following Defendant's established procedure for disputing consumer credit information. Further, Plaintiff enclosed in his written dispute documents that either proved to Defendant that their information was inaccurate or provided them with evidence that was supportive of Plaintiff's contentions.

11. Notwithstanding Plaintiff's efforts, Defendant sent Plaintiff correspondence indicating its intent to continue publishing the inaccurate information and Defendant continued

to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.

12. Despite Plaintiff's efforts to date, Defendant has nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable reinvestigations of the above disputes as required by the FCRA, has failed to remove the inaccurate information, has failed to note the disputed status of the inaccurate information and has continued to report the derogatory inaccurate information about Plaintiff.

13. Plaintiff has been damaged, and continues to be damaged, in the following ways:

   a. Out of pocket expenses associated with disputing the information only to find the information to remain on the credit report;

   b. Emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about Plaintiff to other people both known and unknown;

   c. Decreased credit score which may result in inability to obtain credit on future attempts.

14. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendant herein.

15. At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff herein.

16. At all times pertinent hereto, Defendant was a "persons" and "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

17. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

18. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

19. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Defendant is liable to Plaintiff for engaging in the following conduct:

(a) willfully and negligently failing to conduct a proper and reasonable reinvestigation concerning the inaccurate information after receiving notice of the dispute from the Plaintiff, in violation of 15 U.S.C. § 1681i(a);

(b) willfully and negligently failing to provide all relevant information provided by Plaintiff regarding the dispute of the inaccurate information to the furnishing entities, in violation of 15 U.S.C. § 1681i(a);

(c) willfully and negligently failing to review and consider all relevant information submitted by Plaintiff concerning the dispute of the inaccurate information, in violation of 15 U.S.C. § 1681i(a);

(d) willfully and negligently failing to delete the inaccurate information from Plaintiff's credit file after reinvestigation, in violation of 15 U.S.C. § 1681i(a);

(e) willfully and negligently failing to note Plaintiff's dispute of the inaccurate information and in subsequent consumer reports, in violation of 15 U.S.C. § 1681i(c);

(f) willfully and negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. § 1681e(b).

20. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendant is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief as may be permitted by law.

### COUNT TWO
### VIOLATIONS OF FCRA v. ILLINOIS STUDENT ASSISTANCE COMMISSION

21. Plaintiff re-alleges and incorporates paragraphs 1 – 20 as if fully set forth herein.

22. At all times pertinent hereto, this Defendant was a "person" as that term defined by 15 U.S.C. § 1681a(b).

23. This Defendant violated sections 1681n and 1681o of the FCRA by engaging in the following conduct that violates 15 U.S.C. § 1681s-2(b):

(a) willfully and negligently failing to conduct an investigation of the inaccurate information that Plaintiff disputed upon receiving notice of the dispute of the consumer from the aforesaid credit reporting agency;

(b) willfully and negligently failing to review all relevant information concerning Plaintiff's account provided to this Defendant by the aforesaid credit reporting agency;

(c) willfully and negligently failing to report the inaccurate status of the inaccurate information to all credit reporting agencies;

(d) willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by any and all credit reporting agencies concerning the inaccurate information disputed by Plaintiff;

(e)     willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning Plaintiff to credit reporting agencies and other entities despite knowing that said information was inaccurate;

(f)     willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2.

24.     This Defendant's conduct was a direct and proximate cause, as well as a substantial factor, in causing the injuries, damages and harm to Plaintiff that are outlined more fully above, and as a result, Defendant is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as such other relief permitted by law.

## V.     Jury Trial Demand

25.     Plaintiff demands trial by jury on all issues so triable.

## VI.     Prayer for Relief

WHEREFORE, Plaintiff, BRUCE DENSBORN, seeks judgment in Plaintiff's favor and damages against Defendants, based on the following requested relief:

(a)     Actual damages;

(b)     Statutory damages;

(c)     Punitive damages;

(d)     Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n, 1681o;

(e)     An order directing that Defendant immediately delete all of the inaccurate information from Plaintiff's credit reports and files and cease reporting the inaccurate information to any and all persons and entities to whom they report consumer credit information;

(f)  An order directing that Defendant send to all persons and entities to whom they have reported Plaintiff's inaccurate information within the last three years Plaintiff's updated and corrected credit report information; and

(g)  Such other and further relief as may be necessary, just and proper.

Respectfully Submitted,
**BRUCE DENSBORN**

By: ___s/Larry P. Smith___
    Attorney for Plaintiff

Larry P. Smith
Larry P. Smith & Associates, Ltd.
205 N. Michigan Ave., 40th Floor
Chicago, IL 60601
Ph.    (312) 222-9028
Fax    (312) 602-3911
e-mail  lsmith@lpsmithlaw.com