**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| BRUCE DENSBORN,<br><br>Plaintiff,<br><br>v.<br><br>TRANS UNION, LLC,<br>and ILLINOIS STUDENT ASSISTANCE<br>COMMISSION,<br><br>Defendants. | ) | No. 08 C 3631<br><br>Judge James B. Moran |

**DEFENDANT ILLINOIS STUDENT ASSISTANCE COMMISSION'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS**

Defendant, the Illinois Student Assistance Commission (hereinafter "ISAC"), by and through its attorney, LISA MADIGAN, Illinois Attorney General, hereby submits the following memorandum of law in support of its motion to dismiss pursuant to F.R.C.P. 12(b)(1), on the basis that the Eleventh Amendment deprives the Court of subject matter jurisdiction over ISAC, an agency of the State of Illinois, and in support of its request that this Court strike Plaintiff's request for injunctive relief:

**BACKGROUND**

Plaintiff filed this action on June 25, 2008 claiming a violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681, *et seq.* Specifically, Plaintiff claims that his student loan was discharged based on permanent disability, but that the Illinois Student Assistance Commission has given information to various credit reporting agencies that the account status is paid after collection. (Complaint, ¶ 7, 21) Plaintiff claims this status is inaccurate and that he disputed this information to Trans Union. (Complaint, ¶10, 21) Plaintiff further alleges that

ISAC "willfully and negligently failed to conduct an investigation" of the claimed inaccurate information "upon receiving notice of the dispute of the consumer from the aforesaid credit reporting agency." (Complaint, ¶23(a)) Plaintiff claims that ISAC has continued to furnish the inaccurate information "despite knowing that said information was inaccurate" and has thus damaged Plaintiff. (Complaint, ¶24)

Plaintiff's claims of damages are based on the out of pocket expense of disputing the information, emotional distress and mental anguish resulting from the inaccurate information and "decreased credit score which *may* result in inability to obtain credit on future attempts." (Complaint, ¶13, emphasis added, ¶21) Plaintiff claims that the actions of ISAC were in violation of the FCRA, namely with respect to sections §1681n, §1681o and §1681s-2(b). (Complaint, ¶21) In the actual count against ISAC, Plaintiff seeks actual, statutory and punitive damages as well as attorneys' fees and costs, and in the general prayer for relief, further seeks injunctive relief in the form of court orders directing that "Defendant delete all of the inaccurate information from Plaintiff's credit report and files…" and another order directing "Defendant send to all persons and entitled to whom they have reported Plaintiff's inaccurate information within the last three years Plaintiff's updated and corrected credit report information." (Complaint, p. 6-7)[1]

## ARGUMENT

### I. PLAINTIFF'S COMPLAINT AGAINST ISAC MUST BE DISMISSED FOR LACK OF JURSIDICTION PURSUANT TO THE ELEVENTH AMENDMENT

ISAC is entitled to Eleventh Amendment immunity in this case and therefore Plaintiff's complaint must be dismissed with prejudice in its entirety. The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law

[1] Defendant ISAC is assuming that such relief is also requested from ISAC, although the manner in which the relief is requested appears to be directed to co-Defendant Trans Union.

or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend XI. The Eleventh Amendment has further been interpreted to provide immunity to states "from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). Additionally, the Eleventh Amendment applies not only to a state itself but also to state agencies. *Kroll v. Bd. of Trustees of Univ. of Ill.*, 934 F.2d 904, 907 (7th Cir. 1991); *Envoy v. Ill. State Police*, 429 F. Supp. 2d 989, 992 (N.D. Ill. 2006). There are, however, two circumstances in which the Eleventh Amendment does not provide immunity to a State: (1) abrogation of sovereign immunity by Congress and (2) when a State voluntarily waives such immunity and consents to be sued in federal court. *Tennessee v. Lane*, 541 U.S. 509, 521 (2004); *Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670 (1999); *Fitzpatrick v. Bitzer*, 427 U.S. 445, 456 (1976).

**A. Congress Did Not Abrogate Eleventh Amendment Immunity**

As noted above, Congress does have the authority to abrogate a state's sovereign immunity under the Eleventh Amendment, but specific criteria demarcate when Congress can abrogate immunity. First and foremost, Congress must unequivocally express its intent to abrogate such immunity, and second, the abrogation must be pursuant to a valid grant of constitutional authority. *Fitzpatrick*, 427 U.S. at 456. There is no such abrogation in this case under the FCRA.

Under the FCRA, the term "person" is defined as "any individual, partnership, corporation, trust, estate, cooperative, association, government or governmental subdivision or agency, or other entity." 15 U.S.C. §1681(b). At no point in this definition does Congress specifically and unequivocally express its intent that a "government or governmental subdivision

or agency" effect an abrogation of sovereign immunity. However, even if this Court were to assume that the definition was intended to abrogate state sovereign immunity, there is no valid grant of constitutional authority in this case. Congress may only abrogate Eleventh Amendment sovereign immunity under Section 5 of the Fourteenth Amendment; it may not abrogate a State's Eleventh Amendment immunity pursuant to Article I's Commerce Clause. *Seminole Tribe of Fla. v. Fla.*, 517 U.S. 44, 59-66 (1996). As the FCRA was enacted pursuant to the Commerce Clause, no such abrogation by Congress is possible.

Numerous Federal Courts have already recognized that Eleventh Amendment immunity applies to claims brought by individuals against states and state agencies under the FCRA. *See Betts v. Commonw. of Va.*, 2007 WL 515406, Slip Copy (E.D. Va. 2002); *O'Diah v. New York City*, 2002 WL 1941179 at *6 (S.D.N.Y. 2002)(unreported opinion); *Richmond v. TRW Info Servs. Div.*, 1997 WL 1037886 at *4 (S.D. Cal. 1997)(unreported opinion). Notably, the Central District of Illinois has already rendered an opinion on this matter as it applies to ISAC. In *Sorrel v. ISAC*, 314 F.Supp.2d 813 (C.D. Ill. 2004), the Court ruled that claims brought against ISAC pursuant to the FCRA were barred by the Eleventh Amendment, finding that Congress did not have the authority to abrogate such immunity under the Commerce Clause. *Id.* at 817.

**B. Neither Illinois or the Illinois Student Assistance Commission Have Waived Eleventh Amendment Immunity Pursuant to the FCRA**

Neither the State of Illinois nor ISAC have waived Eleventh Amendment immunity under the FCRA. The District Court in the *Sorrel* case recognized as such, finding that no waiver existed such to subject ISAC to the jurisdiction of the Federal Courts. *Id.*

Therefore, as there has neither been abrogation of the Eleventh Amendment by Congress nor a waiver by the State of Illinois or ISAC, Plaintiff's complaint must be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(1).

**C. Plaintiff May Not Seek Injunctive Relief Against ISAC**

Plaintiff in this case seeks not only actual, statutory and punitive damages, but also seeks injunctive relief in the form of court orders directing ISAC to correct the allegedly inaccurate information regarding Plaintiff's account and to notify those who requested credit information regarding Plaintiff of the correction. (Complaint, p. 6-7) However, the Eleventh Amendment also bars these claims for injunctive relief.

Although there are certain exceptions which allow a private individual to sue a state actor in his or her official capacity for injunctive relief, no such exception exists to permit a suit for injunctive relief against a state or its agencies. *See Ex Parte Young*, 209 U.S. 123 (1908); *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993)(finding *Ex Parte Young* "has no application in suits against the States and their agencies, which are barred regardless of the relief sought.")

**II. PLAINTIFF'S PRAYER FOR INJUNCTIVE RELIEF SHOULD BE STRICKEN**

As the Eleventh Amendment clearly bars Plaintiff's claims in this case, there should be no need for the court to address the propriety of the relief sought. However, in the event the Court does address Plaintiff's claims and prayer for relief, there is no proper claim for injunctive relief in this matter. As previously discussed, Sections 1681n and1681o provide remedies to individual consumers under the FCRA. The remedies set forth in these sections are actual/statutory damages, punitive damages and costs of the action and attorneys' fees. 15 U.S.C.A. §§ 1681n, 1681o. However, neither section grants a private individual injunctive relief. Rather, injunctive relief is available under Section 1681s(a) which grants enforcement power to the Federal Trade Commission ("FTC"). 15 U.S.C.A. §1681s(a)

In determining whether a court has the power to issue equitable relief, a Court looks to the statute, and must determine "if Congress has clearly and unambiguously limited the court's

equity jurisdiction." *In re Trans Union Corp. Privacy Litig.*, 211 F.R.D. 328, 339 (N.D. Ill. 2002) In the present case under the FCRA, Defendant ISAC suggests that this Court adopt the reasoning of other courts and find that injunctive relief under the FCRA has been vested solely with the FTC.

Although the Seventh Circuit has made passing references which may suggest the availability of equitable relief in private actions under the FCRA, the court has not analyzed or definitively ruled on this issue. *See Murray v. GMAC Mortg. Corp.*, 434 F.3d 948 (7th Cir. 2006); *Crabill v. Trans Union, L.L.C.*, 259 F.3d 662 (7th Cir. 2001). In another case, *Albert v. Trans Union Corp.*, the Seventh Circuit reviewed the District Court's ruling that injunctive relief was not available in FRCA cases brought by private plaintiffs. 346 F.3d 734 (7th Cir. 2003). However, the Court specifically did not reach the issue of the availability of injunctive relief to private plaintiffs under the FCRA but rather ruled it lacked jurisdiction to hear the interlocutory appeal. *Id.*

Although the law in the Seventh Circuit is currently unclear, the Fifth Circuit has definitively ruled that in FCRA cases, injunctive relief is not available to private plaintiffs. In *Washington v. CSC Credit Servs., Inc.*, the Court recognized that the District Courts were split on the issue of the availability of injunctive relief, but held that:

> The affirmative grant of power to the FTC to pursue injunctive relief, coupled with the absence of a similar grant to private litigants when they are expressly granted the right to obtain damages and other relief, persuasively demonstrates that Congress vested the power to obtain injunctive relief solely with the FTC.

199 F.3d 263, 268 (5th Cir. 2000). An amendment to the FCRA, Section 1681u, bolstered this conclusion by expressly permitting injunctive relief in certain cases involving governmental gathering of credit information. *Id.* at 269. The Court found that "where Congress intended to

allow private injunctive relief under the FCRA, it expressly stated that this relief was available. This language would be unnecessary if injunctive relief were otherwise available." *Id.* This decision is the only Circuit decision which analyzed and definitively ruled on this issue, and therefore this Court is well within its discretion in adopting the Fifth Circuit's reasoning in *Washington*.

This holding has been also been adopted by Judge Gettleman in the case *In re Trans Union Corp.*, 211 F.R.D. at 339. Additionally, the Western District of Wisconsin has also held that no injunctive relief is available to individuals under the FCRA. *Anderson v. Capital One Bank*, 224 F.R.D. 444 (W.D. Wis. 2004). Numerous other districts have also found no injunctive or other equitable relief is available, including those within the Second, Third, Fourth, Fifth, Seventh, Ninth, Tenth and Eleventh Circuits.[2] *See also* 20 ALR Fed.2d 509, §60-64 (full discussion of the availability of equitable relief as a matter of law in a private FCRA suit).

There are courts which have found injunctive or other equitable relief to be available, including one unpublished Northern District decision (*Murray v. E*Trade Fin. Corp.*, 2006 WL 2054381 at *4 (N.D. Ill., 2006))[3], however these cases are not binding on this Court and

---

[2] *See White v. First Am. Registry, Inc.*, 378 F. Supp. 2d 419 (S.D. N.Y. 2005); *Bentley v. Providian Financial Corp.*, 2003 WL 22234700 (S.D. N.Y. 2003) (unreported opinion); *Miller v. CoreStar Fin. Group of Pa., Inc.*, 2006 WL 1876584 (E.D. Pa. 2006) (unreported opinion); *Bumgardner v. Lite Cellular, Inc.*, 996 F. Supp. 525 (E.D. Va. 1998); *Poulson v. TransUnion, LLC*, 370 F.Supp.2d 592 (E.D. Tex. 2005); *Thompson v. Homecomings Fin.*, 2005 WL 3534234 (N.D. Tex. 2005) (unreported opinion); *In re Trans Union Corp. Privacy Litig.*, 211 F.R.D. 328 (N.D. Ill. 2002); *Anderson v. Capital One Bank*, 224 F.R.D. 444 (W.D. Wis. 2004); *Hogan v. PMI Mortg. Ins. Co.*, 2006 WL 1310461 (N.D. Cal. 2006) (unreported opinion); *Yeagley v. Wells Fargo & Co.*, 2006 WL 193257 (N.D. Cal. 2006) (unreported opinion); *White v. E-Loan, Inc.*, 409 F. Supp. 2d 1183 (N.D. Cal. 2006); *Howard v. Blue Ridge Bank*, 371 F. Supp. 2d 1139 (N.D. Cal. 2005); *Jarrett v. Bank of Am.*, 421 F. Supp. 2d 1350 (D. Kan. 2006); *Ditty v. CheckRite, Ltd., Inc.*, 973 F. Supp. 1320 (D. Utah 1997); *Crowder v. PMI Mortg. Ins. Co.*, 2006 WL 1528608 (M.D. Ala. 2006) (unreported opinion); *Mangio v. Equifax, Inc.*, 887 F. Supp. 283 (S.D. Fla. 1995) (injunctive relief).

[3] There have been a few other District Courts in other Circuits which have allowed injunctive relief claims under the FCRA. *See* 20 ALR Fed.2d 509, §62; *See also Greenway v. Information Dynamics, Ltd.*, 399 F.Supp. 1092 (D. Ariz. 1974), aff'd on other grounds, 524 F.2d 1145 (9th Cir. 1975); *Andrews v. Trans Union Corp., Inc.*, 7 F. Supp. 2d 1056 (C.D. Cal. 1998), aff'd in part on other grounds, rev'd in part on other grounds, 225 F.3d 1063 (9th Cir. 2000),th Cir. 1975); *Andrews v. Trans Union Corp., Inc.*, 7 F. Supp. 2d 1056 (C.D. Cal. 1998), aff'd in part on

therefore do not preclude this Court from following *Washington* and Judge Gettleman's opinion in *Trans Union*. In *Murray v. E*Trade*, Judge Plunkett relied on the suggestion in *Murray v. GMAC Mortg. Corp.* (434 F.3d at 956) as potentially allowing injunctive relief. *Id.* The Court therefore denied Defendant's motion for judgment on the pleadings to preclude injunctive relief, but did so without prejudice. *Murray*, 2006 WL 2054381 at *4.

However, as *Murray v. E*Trade* is an unreported case, and as the Seventh Circuit has not definitively addressed the issue of whether or not injunctive relief is available to private plaintiffs in FCRA cases, Defendant ISAC suggests this Court follow the reasoning of the Fifth Circuit in *Washington* and of Judge Gettleman in the *Trans Union* case. The language of Sections 1681n and 1681o, which clearly set forth the remedies available to a private plaintiff and do not include injunctive or equitable relief, when examined in conjunction with Section 1681s, authorizing the FTC to seek injunctions/equitable relief, are a clear indication that Congress intended injunctive and equitable relief to fall solely to the FTC. Therefore, Defendant ISAC respectfully requests this Court strike Plaintiff's request for injunctive relief.

---

other grounds, rev'd in part on other grounds, 225 F.3d 1063 (9th Cir. 2000), Judgment rev'd and remanded on other grounds, 534 U.S. 19 (2001) and aff'd on other grounds, 289 F.3d 600 (9th as a matter of law. *Yeagley v. Wells Fargo & Co.*, 2006 WL 193257 (N.D. Cal. 2006)(unreported opinion).

**CONCLUSION**

WHEREFORE, for the foregoing reasons, Defendant ISAC respectfully requests this Honorable Court dismiss Plaintiff's Complaint with prejudice as it is barred by the Eleventh Amendment. In the event the Court addresses Plaintiff's prayer for relief, Defendant ISAC respectfully suggests that Plaintiff's request for injunctive relief be stricken.

Respectfully submitted,

/s/ Meghan Maine

LISA MADIGAN
Illinois Attorney General

Meghan Maine
Assistant Attorney General
General Law Bureau
100 West Randolph Street, 13th Floor
Chicago, IL 60601
(312) 814-5165
mmaine@atg.state.il.us