IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BRUCE DENSBORN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 08 C 3631 |
| | ) | |
| TRANS UNION, LLC, | ) | |
| and ILLINOIS STUDENT | ) | |
| ASSISTANCE COMMISSION, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Bruce Densborn brought suit against defendants Trans Union, LLC and the
Illinois Student Assistance Commission ("ISAC") under the Fair Credit Reporting Act, 15
U.S.C. § 1681, *et seq.* ("FCRA" or "the Act"). Defendant ISAC moves to dismiss the suit
against it on sovereign immunity grounds. For the following reasons, we grant the motion and
dismiss defendant ISAC.

## BACKGROUND

The following facts are taken from the complaint. Plaintiff had a credit account with
defendant ISAC. In May 2007, defendant ISAC approved a discharge of plaintiff's account
as a result of plaintiff's permanent disability. Despite the discharge defendant ISAC
inaccurately reported the status of plaintiff's account as "payment after charge off/collection"
to defendant Trans Union. Plaintiff disputed the inaccurate information in writing, but both
defendants continued to report the inaccurate information to current and potential creditors
of plaintiff. Plaintiff filed suit seeking monetary damages and injunctive relief against both

defendants.[1]

## DISCUSSION

Under Federal Rule of Civil Procedure 12(b)(1) we accept the complaint's well-pleaded factual allegations as true, including the references reasonably drawn therefrom. United Transp. Union v. Gateway W. Ry. Co., 78 F.3d 1208, 1210 (7th Cir. 1996). Defendant ISAC argues that, as a state agency, the Eleventh Amendment bars suit against it in this matter. *See* Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993). Plaintiff concedes that defendant ISAC is a state agency, but contends that when Congress enacted the FCRA it abrogated the States' sovereign immunity for actions brought under the Act by specifying that the Act applies to "any . . . government or governmental subdivision or agency."

The Eleventh Amendment provides that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The Supreme Court has interpreted the sovereign immunity conferred by the Amendment to provide immunity to unconsenting States "from suits brought in federal courts by her own citizens as well as by citizens of another State." Edelman v. Jordan, 415 U.S. 651, 662-63 (1974).

However, there are three exceptions to Eleventh Amendment sovereign immunity. The first exception applies when a State voluntarily consents to suit in federal court, and thus

---

[1] In his response to the motion to dismiss plaintiff informed the court that he voluntarily dismisses his claims for injunctive relief against defendant ISAC. Accordingly, we do not address those claims in our discussion.

waives its immunity. <u>Peirick v. Indiana Univ.-Purdue Univ. Indianapolis Athletics Dept.</u>, 510 F.3d 681, 695 (7th Cir. 2007). The second possible exception applies when Congress abrogates the States' sovereign immunity pursuant to a valid grant of constitutional power. *Id.* "[T]hird, under the <u>Ex parte Young</u> doctrine, a plaintiff may file suit against state officials seeking prospective equitable relief for ongoing violations of federal law." *Id.* (internal quotations omitted). Plaintiff has brought suit against a state agency rather than a state official. Plaintiff also makes no argument that Illinois has waived its sovereign immunity in this matter, and indeed we find no such indication. We therefore focus our discussion only on the second exception.[2]

Congress may abrogate a State's immunity in federal court pursuant to a valid exercise of its power under Section 5 of the Fourteenth Amendment. <u>Nev. Dep't of Human Res. v. Hibbs</u>, 538 U.S. 721, 726 (2003) (citations omitted). Congress may not, however, abrogate a State's Eleventh Amendment immunity from private suits by the citizens of the State in federal courts pursuant to Article I's Commerce Clause. *Id.* (citing <u>Seminole Tribe of Fla. v. Fla.</u>, 517 U.S. 44, 59-66 (1996)). The courts that have examined the matter have determined that Congress enacted the FCRA pursuant to authority under the Commerce Clause. *See* <u>Sorrell v. Ill. Student Assistance Com'n</u>, 314 F. Supp. 2d 813, 817 (C.D. Ill. 2004) (indicating that the FCRA was enacted pursuant to the Commerce Clause and thus Congress lacks a valid constitutional authority to abrogate the States' Eleventh Amendment in the Act). *See also* <u>Peaslee v. Ill. Student Ass. Comm.</u>, No. 08 C 3167, 2008 WL 4833124, at *3 (N.D. Ill. Oct. 27,

---

[2] In his response to the motion to dismiss, plaintiff repeatedly asserts that the Act provides for "waiver" of immunity. That terminology is incorrect. Only States can "waive" their sovereign immunity, and plaintiff has put forth no argument that Illinois has done so here. What plaintiff means to say is that Congress abrogated the States' sovereign immunity when it passed the Act.

2008); Betts v. Commonwealth of Virginia, No. Civ. 3:06CV753, 2007 WL 515406, at *3 (E.D. Va. Feb. 2, 2007); O'Diah v. New York City, No. 02 CIV. 274(DLC), 2002 WL 1941179, at *6 (S.D.N.Y. Aug. 21, 2002). We join those courts and hold that because Congress enacted the FCRA pursuant to its authority under the Commerce Clause, it lacks the authority to abrogate a State's sovereign immunity through that statute.

The cases on which plaintiff relies for its argument are inapplicable to the case before us. The Fifth Circuit decided the case Moore v. U.S. Dept. of Agriculture on Behalf of Farmers Home Admin., 55 F.3d 991 (5th Cir. 1995), before the Supreme Court held in Seminole Tribe of Fla. that Congress must act under Section 5 of the Fourteenth Amendment to abrogate a State's sovereign immunity, and that it may not do so under the Commerce Clause. *See* 517 U.S. at 55-70. Wayne Talley v. U.S. Dept. of Agriculture, No. 07 C 0705, 2007 WL 2028537 (N.D. Ill. July 12, 2007), and DiNello v. U.S. Dept. of Education, No. 06 C 2763, 2006 WL 3783010 (N.D. Ill. Dec. 21, 2006), address the question of whether the United States waived its sovereign immunity in the FCRA. These cases do not help plaintiff because Congress, as the federal legislature, may waive federal sovereign immunity by statute. *See, e.g.,* Lane v. Pena, 518 U.S. 187, 192 (1996) ("A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text and will not be implied."). As we discussed above, Seminole Tribe instructs that Congress's ability to abrogate the States' sovereign immunity is much more restricted. *See* Kimel v. Fla. Bd. of Regents, 528 U.S. 62, 80 (2000) ("Today we adhere to our holding in Seminole Tribe: Congress' powers under Article I of the Constitution do not include the power to subject States to suit at the hands of private individuals."). Finally, Auriemma v. Montgomery, 860 F.2d 273 (7th Cir. 1988), examined whether two

attorneys for the City of Chicago were entitled to absolute immunity for violations of the FCRA committed while they were preparing and presenting the defense of the City in a lawsuit. It does not address State sovereign immunity under the Eleventh Amendment.

## CONCLUSION

For the foregoing reasons we grant defendant ISAC's motion to dismiss. The claims against defendant ISAC are dismissed with prejudice.

James B. Moran

JAMES B. MORAN
Senior Judge, U.S. District Court

Feb. 10, 2009

FEB 1 0 2009